Good morning, Howard Miller for Plaintiff and Appellant, and I'd like to reserve, if I can, three minutes. Just watch the clock. Okay. This case comes on the granting of a 12b6 motion, and so the standard of review here is de novo to look at what the trial court did. I first want to turn my attention to the argument that is made that what Judge Cooper simply did was to rule because there had been no response to the 12b6 motion, and that therefore, under the local rules, it amounts to a concession that the 12b6 motion should be granted. But he didn't rule on the local rule. He did not. He went right to the 12b6. Right to the 12b6. Yeah, I know. Just because it was such a big point in the appellee's brief, and not only went right to 12b6, but it overruled on two of the counts, on the first and the eighth counts. I think that's correct, Your Honor. It just took up so much of the appellee's brief, I wanted to deal with that up front. I think we understand. Why don't you get to the copyright issue? Well, I think it's an implied-in-fact contract issue, Your Honor, rather than a copyright issue, because ultimately the copyright cause of action was also dismissed, and so we are really here on the second cause of action, essentially, the implied-in-fact contract issue. But don't we have a question of federal preemption of copyright here? It's only preempted if the implied-in-fact contract, if the DESNY standards are not met. But I think the law is pretty clear that if the DESNY standards are met for an implied-in-fact contract containing the extra element beyond copyright, which is the contractual commitment to pay for what was submitted, that at that point there is no copyright issue, because the DESNY standards and the Grosso case in this circuit. Well, it's certainly a matter of copyright law to the extent we're talking about a screenplay and video, but aren't you asserting exclusive rights in the work in entering into the contract? We're asserting contractual claims against these defendants, and this is all based on the contract, on the implied-in-fact contract. And it's that and the extra element of submitting on the condition that there be compensation for the idea that I think the DESNY line of cases culminating in Grosso take it out of the preemption area. And so the real question becomes here, was this a properly implied-in-fact contract claim under DESNY? DESNY and Iqbal and Twombly, right? Well, the Iqbal and Twombly issue is very interesting, because Twombly came down in May of 2007. This 12v6 ruling was written in July of 2007. Twombly was not cited, and Twombly, as we all remember, was ambiguous in terms of its further application. Iqbal did not come down until May 18, 2009, five months after this appeal was lodged in December 2008. And Iqbal, we now all recognize, was a major, was a significant addition to Twombly, if for no other reason than the author of Twombly, Justice Souter, dissented, wrote the dissent. Now, of course, your argument, of course, is this contract, but isn't the essence of this contract that you are asserting the copyright rights that you have? No, it is not, Your Honor. That's why the implied-in-fact contract is different. That's why DESNY struck such new ground, and that's why Grosso and this Court did the same thing. And I think if the briefs are fairly read, both our briefs, the appellee's brief, and our reply, address this pretty much solely as an implied-in-fact. But as I understand Grosso, that dealt with the sale of the whole concept, not a partial sharing in the rights. It was an outright transfer of whatever interest there was to the purchaser. This is where I believe Judge Cooper got it wrong. If you look at the critical part in the Cooper opinion, which is in the record at page 45, in the excerpt of record at page 45, Judge Cooper referenced only the paragraph of the complaint that talked about the partnership. But that was not the essence of the complaint. The essence of the complaint is in paragraph 22 of the complaint that was filed, which is in the excerpt of record on page 13. And paragraph 22 lays out all the claims for a pure implied-in-fact contract under DESNY and Grosso. And I think the real question here, because I think if you look at that paragraph, which I think is the reason to reverse this in terms of the way the opinion was written, the opinion simply doesn't cite the most important parts of the complaint for the DESNY claim. I'm looking at page 13 of the record, which is also 13 of the complaint. Did you say paragraph 22 or line 22? Well, let me find it, Your Honor, because I think I have it right in front of me. I may have it. I'm looking at page 13, count to breach of implied contract. Sorry, paragraph 46. 46, all right. Now I'm with you. I couldn't find 22. I'm very glad you asked, Your Honor. I would not have wanted it to stay in the record. That's 22. Thank you very much. No, it is paragraph 46. Paragraph 46 lays out all the classic allegations under DESNY and Grosso for an implied-in-fact contract's claim, that it was strictly confidential, that it was divulged, that the defendants would not disclose, divulge, or exploit the plaintiff's ideas without compensation. And finally, in line C of line 23, that by accepting the plaintiff's disclosed-of-its-concept, the defendants accepted and agreed to abide by the foregoing terms. And that's where I get into the sufficiency of the pleading problem, because I read that as industry custom, that these are what we normally expect when we're pitching a creative idea. What I don't see in the complaint are the who, what, when, where, why, and how. Specific allegations that there was a communication between a named plaintiff and a representative of the defendant in which these terms were discussed and agreed upon before the creative idea was pitched. Paragraph 8 lists an elaborate list of people, a long list of people, and I hesitate to give that number without checking. I'm reading paragraph 8 to simply say, the plaintiffs are informed and believe that NBCUniversal is a corporation. No, again, you've caught me on the right number. I seem to have a problem this morning with paragraph numbers. It's paragraph 18 on page 6, which describes meetings in 1996 with various individuals. Okay, but where in the complaint do I find an allegation, for example, that Kurt Sharp on 18E had a communication with a named plaintiff in which any of these terms were discussed? I think in all fairness, Your Honor, you have to read these paragraphs, 18 together with paragraph 46, and ask the question whether this is going to be decided under Connolly or under Iqbal, because I think there are legitimate questions here. I'm not even sure it meets the Connolly test, though. That's the concern I'm having. I think that's a critical factor here. But, of course, we have now lived with Iqbal long enough that the importance of the Connolly test has almost faded from our emotion. But the standard under Connolly is not that great. It's whether there are any facts that could be alleged, given what's in this complaint, to set forth the cause of action. Counsel, I know you want to reserve time, but go back to page 13 again, and line 28. What do you make of the passage, for the express purpose of offering to partner with the defendants? That is the phrase that Cooper rested on. But, again, it's a question of what the word partner means here. It simply further defines what was offered. On the next page, line 2, justifiably expected to receive a share of any profits. It just sounds to me as if that's the exercise of copyright rights to me. Now, why am I misunderstanding that? I think, Your Honor, as the case was originally pled, it had a copyright claim and this claim. I think that what the test comes down to is that if it meets the Desney Grosso standard for implied in fact contract, that the right is based on the contract and not on the assertion of exclusive copyright rights. And so there's always a tension in these cases. The first argument always is it's preempted. But the preemption really rests on whether there's anything more in the terms of the contract beyond copyright. You have less than a minute. You might want to reserve that. I do. Then I will, Your Honor. Thank you very much. I will. Thank you so much. We'll hear from Pilgrim Films. Yes, good morning, Your Honors. Gail Title on behalf of Pilgrim Films. I think that Your Honors actually focused on exactly the right issue. I think that what we have here is a situation that is not a Desney claim. In Desney, what you have is someone who simply submits something with, frankly, an implied consent to use it. Couples with an implied promise to pay reasonable value if it's used. Doesn't it depend on the proof? That is, the way I see this, the plaintiff was after the court pretty much granted summary judgment on the pleading. Perhaps he's not going to be able to prove this. But he's saying that there was an agreement implied before the disclosure was made. It's like two things were agreed to. One was the disclosure and one was the partnership. That's kind of to the side, but just focus on the agreement. I think you can't take the partnership away. And I think that the court will not imply in California an agreement to partner. The court will not imply an agreement to share profits. Agreement to disclose is what I'm talking about. I guess on the breach of the implied contracts, if that's what we're talking about, the only time that the court will imply a contract is, as they said in Ferris quite explicitly, if there is an offer for sale and a promise to pay if it's used. There is nothing in that that prohibits use. It's simply an offer that if you use it, I'm giving it to you. I'm hoping you're going to use it. If you use it, I'm selling it to you and you're going to pay me. The reasonable value, that is something that the courts are willing to imply. But you can't imply a partnership or what percentage of profits were here. I mean, Judge Cooper was absolutely correct not only to focus on paragraph 47 because that paragraph says, for the express purpose of offering to partner in the production, broadcast, and distribution of this project. That is not submitting an idea to be used by somebody else for which you're going to get paid. The fact that they can try to recite some boilerplate language in the paragraph above really has not, it doesn't eliminate the specifics. And even in the paragraph preceding in 46, they say that it would not be disclosed without first obtaining consent. That's not part of a DESNY claim. There's no need to obtain consent in a DESNY applied contract. So even when they try to recite the boilerplate, they are not citing appropriate boilerplate. And the specifics in the allegations completely undercut the possibility of this being an applied contract. Well, he could have, if he had been there and allowed to amend, perhaps they could have pledged sufficient facts. It isn't as though this is, how do you justify that they weren't allowed to amend? Well, Your Honor, I would agree with you that in other kinds of situations, an amendment probably should have been appropriate, would have been appropriate. Here you have a very unusual situation where the plaintiff, represented by counsel, files in November, is repeatedly, his counsel is told that this is defective. They enter into stipulations where they are going to amend three different stipulations over a period of months in which the plaintiff represents that he's going to be amending to clean it up. And he never does. Months go by. The record is that the, and I was not counsel at the time, but that defense counsel at the time, had specific conversations in which they explained that this was defective and they were going to have to move to dismiss. Nothing was done. Finally, they filed their motion to dismiss. Two and a half months go by during which Judge Cooper has not ruled. Nothing is communicated to the court. No requests for an extension. No requests. No opposition. But he didn't rule on that basis. He didn't say, it wasn't a timeliness issue that the judge was concerned about. No, I think that it's not the issue of timeliness. It's the fact that at some point I think the court is within its discretion if a party before it says they're going to amend, asks for more time to amend, doesn't file an opposition to a motion to dismiss, two and a half months go by, that at that point she was justified. I understand that it's not the most sympathetic situation. On the other hand, it's a matter of discretion, and I think the court was within her discretion given the conduct that had preceded it. I really think that we have pretty thoroughly briefed these issues, but I'm happy to talk to the court if you have any other questions. I think to add in response to Mr. Miller's. I think Mr. Miller is actually trying to fit his case within DESE. And if he had, then, you know, we might have had a different outcome. It simply doesn't meet the standards. That's all. What's your response to the argument that we can't really consider Iqbal and Twombly because they came down after the district court ruled? Well, I'm not sure I agree with that. I think you can. I think that a lot of courts have been using Iqbal and Twombly and making decisions as of late. On the other hand, I mean, but I don't think it matters. I think this does not state a claim. Under Conley. Yes, it does not. It simply does not. You can't have boilerplate and then have specific allegations that negate the claim that's being made and say that's okay. Well, under Conley v. Gibson, an attorney didn't, or a party did not even have to plead a so-called cause of action or a claim. All you have to plead are sufficient facts so that the court can get a claim and it's possible that this case could go forward. Clearly. That's really a sea change in the way we look at pleading. That's what I was just going to say. Clearly the federal standards have changed. But I don't think even under prior law you can allege specific facts that undercut your claim and then proceed on your claim. That's a different situation from just general pleading. Here we have for the express purpose of offering to partner in the production, distribution, broadcast. That's not a claim that is an implied contract claim, and therefore it is not an exception, and therefore Judge Cooper was right in saying that the claim was preempted. Anything further? No. Thank you, Your Honor. Mr. Miller, you have some reserved time. I have a lot, but a little. I will try and use it productively. I know now why I referenced paragraph 22 when we wound up in paragraph 46, because there are other allegations in the complaint that are certainly relevant to how this would be resolved under Connolly, and one of them is paragraph 22, which clearly states the plaintiff made the presentation and then on the condition that the ideas and concepts would not be disclosed or exploited without the plaintiff's consent. But as that is pled, to me it suffers from the same problem that I was discussing with you earlier on paragraph 46. It states sort of the general practice or understanding in the industry, but it doesn't give us any specifics that anybody representing the defendant ever agreed. Well, paragraph 2 also says that the defendant, it was with the understanding was submitted to various individuals disclosed with the understanding in paragraph 2 at line 17, with the understanding that the defendants would not. Between who? I mean, I read that as understanding as a result of the custom and practice in the industry, and I'm sure that's probably true, but I'm not sure that gets you where you want to go. The question, I think, comes down to under Connolly, was this a sufficient pleading? Because if it was sufficient under Connolly, And, by the way, in the appellee's brief, the brief is written as an ICBL brief. ICBL is cited every time this pleading comes up four times, pages 12, 29, 34, and 40 of the appellee's brief. It is opposed under the ICBL standards. So I think what the real question comes. Clearly, you wouldn't meet it under ICBL and Connolly, but if you're right that it's not retroactive, then you're home free on that aspect. But I'm still struggling with the Connolly issue. I think Connolly is the issue. I think if the court were to decide that it required ICBL, it could disregard ICBL and reverse, or it could reverse on the implied-in-fact action with a remand. Well, I guess the question would be, assuming that you're not really pleading a copyright claim, that you're pleading a DESNY claim, then you probably should be given an opportunity. What would you be able to allege if you were given an opportunity? I think we could allege that there were sufficient communications in these meetings that are set forth with the people in Paragraph 17 and 18 that it was made clear to them the basis of the submission. And I think Judge Lefkow's description of Connolly is one we've almost forgotten because of how much we focused on the ICBL requirements, which is how little you had to do under Connolly, in retrospect, intellectually, is astonishing. And I think if there had been no Twombly and no ICBL and this claim were up, that people would read it as satisfying Connolly. And I think if the Court agrees with that, that it satisfies Connolly under the properly stated, broad Connolly standards, then I think some kind of reversal here on the implied-in-fact. Thank you, Counsel. Thank you. The case just argued will be submitted for decision. And we will hear argument next in Hill-Brogall.
judges: Lefkow, O'scannlain, Tallman